**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT HALL,**

    **Plaintiff,**

v.                                                         Case No.  8:08-cv-270-T-30TBM

**UNITED STATES DEPARTMENT OF**
**VETERANS AFFAIRS and**
**JAMES THOMAS MARRON, M.D.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant James Thomas Marron, M.D.'s ("Marron") Motion to Dismiss and/or Motion to Substitute Party (Dkt. 16), and Plaintiff's Response in opposition to the same (Dkt. 22).  The Court, having considered the Motion, Response, and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be granted.

### Background

Plaintiff, acting as Personal Representative of the Estate of Michael Hall, filed the instant action against Marron and the United States Department of Veterans Affairs (the "VA").  Plaintiff seeks damages, including damages for the wrongful death of Michael Hall, under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA").

Plaintiff alleges Renee Hall, Michael Hall's wife, was engaged in an extramarital affair with Marron.  Renee was employed as a nurse by the VA and worked with Marron at

the Sarasota Veterans Administration CBOC Primary Care Clinic. Plaintiff claims that during the time Marron was engaged in the extramarital affair with Renee Hall, he was also acting as a treating physician for Michael Hall.

At some point prior to May of 2005, Michael Hall became suspicious of his wife's involvement in an extramarital affair. As a result, he began to suffer from anxiety and depression. Plaintiff claims Marron treated him for the anxiety and depression, all the while concealing his involvement in the affair. Plaintiff claims Marron placed Michael Hall on strong psychotropic medication and ultimately had him hospitalized for his "paranoia" about the affair.

Eventually, Michael Hall found out his wife was having an affair with Marron. Hall reacted violently to the discovery by shooting and killing both his wife and himself. Plaintiff claims Hall left behind a suicide note explaining that Marron's unethical actions and concealment of the affair were the cause of his suicide.

Plaintiff claims other VA employees, managers and/or supervisors were aware of both the affair and the fact Marron was treating Michael Hall, yet failed to take corrective action or provide Hall with a different physician. As a result, Plaintiff filed the instant lawsuit, asserting medical negligence causes of action against Marron and the VA. The Complaint includes additional causes of action against the VA for negligent supervision, negligent retention, and "other negligence."

Marron argues he is entitled to absolute immunity from liability in tort for actions occurring within the scope of his employment with the VA. Moreover, he argues the factual

allegations forming the basis of Plaintiff's medical negligence claim against him in Count One all occurred within the scope of his employment. This argument is supported by a certification of the United States Attorney that Marron was "acting within the scope of his employment as an employee of the [VA] on May 20 and May 23, 2005, to the extent he participated in rendering health care to plaintiff's decedent on those dates." (Dkt. 13). Based on the certification, Marron argues the United States of America ("United States") should be substituted as the sole defendant in this case pursuant to 28 U.S.C. § 2679(d)(1).

Plaintiff does not dispute the United States should be substituted as the proper party defendant for acts occurring on May 20, 2005, and May 23, 2005. However, Plaintiff argues Marron should be liable individually for any acts occurring outside the dates specifically certified by the United States Attorney. While the United States has neither joined nor responded to the instant Motion,[1] it recognized in its Answer that the proper party defendant as to all of Plaintiff's claims is the United States.[2]

## Discussion

Pursuant to 28 U.S.C. §§ 2679(b)(1) and 1346(b), Plaintiff has a remedy against the United States for

> . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the

---

[1] Marron's counsel has certified that the United States does not oppose the instant Motion and plans to either file its own motion seeking similar relief or join the instant Motion. As of the date of this Order, the United States has not filed such a motion.

[2] In its Answer, the United States denied that this Court has jurisdiction over any claim against the VA. The United States acknowledged that the proper defendant under the FTCA is the United States with respect to Plaintiff's claims against Marron. As the instant Motion only addresses Plaintiff's claims against Marron, the Court need not address at this stage whether it has jurisdiction over Plaintiff's remaining claims.

>   scope of his office or employment [that] is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). In construing this provision, the United States Supreme Court has held that Government employees are entitled to absolute immunity for torts committed within the scope of their employment. U.S. v. Smith, 499 U.S. 160, 163, 111 S.Ct. 1180, 1183-84 (1991). Moreover, 28 U.S.C. 2679(d)(1) requires the United States to be substituted as the proper party defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ."

In the instant case, the United States Attorney's certification only relates to events that occurred on May 20, 2005, and May 23, 2005. Plaintiff's Complaint alleges Marron treated Michael Hall from May 20, 2005, through July 19, 2005. However, in paragraph 40 of the Complaint, Plaintiff states "[a]t all times material hereto, Defendant JAMES THOMAS MARRON, M.D. was acting within the course and scope of his employment with Defendant, VA, while providing medical treatment and counseling to the decedent, MICHAEL A. HALL." While Plaintiff makes this statement in Count Two, all of Plaintiff's allegations in Count One relate to Marron's provision of medical treatment and counseling to Hall.

Taking Plaintiff's allegations as true, Marron is entitled to immunity with respect to Plaintiff's claims for medical negligence. Accordingly, the Court concludes the instant

Motion should be granted and the United States should be substituted as the proper party defendant.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant James Thomas Marron, M.D.'s Motion to Dismiss and/or Motion to Substitute Party (Dkt. 16) is GRANTED.

2. The United States of America is hereby substituted in place of James Thomas Marron, M.D., as the proper party defendant with respect to Count One of Plaintiff's Complaint.

3. James Thomas Marron, M.D., is hereby **DISMISSED** from this action without prejudice.

4. The United States has already filed an Answer to Plaintiff's Complaint, identifying itself as the real defendant in interest with respect to Plaintiff's claims against Marron (Dkt. 14). Should the United States wish to amend or supplement its Answer, it may do so within twenty (20) days of the date hereof.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-270.mtd.frm